1  ALEXANDER ROBERTSON, IV (State Bar No. 127042)
    *arobertson@arobertsonlaw.com*
2  MARK J. UYENO (State Bar No. 189063)
    *muyeno@arobertsonlaw.com*
3  ROBERTSON & ASSOCIATES, LLP
   32121 Lindero Canyon Road, Suite 200
4  Westlake Village, California 91361
   Telephone:  (818) 851-3850
5  Facsimile:   (818) 851-3851

6  DANIEL K. BRYSON (*Pro Hac Vice* pending)
    *dan@wbmllp.com*
7  PATRICK M. WALLACE (*Pro Hac Vice* pending)
    *pat@wbmllp.com*
8  WHITFIELD BRYSON & MASON LLP
   900 W. Morgan Street
9  Raleigh, North Carolina 27609
   Telephone:   (919) 600-5000
10 Facsimile:    (919) 600-5035

11 Attorneys for Plaintiff and the Proposed Class

12

13                UNITED STATES DISTRICT COURT

14              SOUTHERN DISTRICT OF CALIFORNIA

15 | ERIC PORTELLI, individually, on | Case No. **'17 CV 2367 DMS BLM**
16 | behalf of himself and all others similarly situated, |
   | | **CLASS ACTION COMPLAINT**
17 |            Plaintiffs, | **FOR DAMAGES AND**
   | | **INJUNCTIVE RELIEF AND**
18 |       vs. | **DEMAND FOR A JURY TRIAL**
19 | WESTERN WINDOW SYSTEMS, |
20 | LLC, a Missouri Limited Liability Company; WWS ACQUISITION, LLC |
21 | dba WESTERN WINDOW SYSTEMS, a Missouri Limited Liability Company; |
   | and DOES 1 through 50, inclusive, |
22 | |
23 |            Defendants. |

24

25        Plaintiff, Eric Portelli, by and through his attorneys, bring this action on

26 behalf of himself and all others similarly situated against Defendants, Western

27 Window Systems, LLC, a Missouri Limited Liability Company, WWS Acquisition,

28 LLC dba Western Window Systems, a Missouri Limited Liability Company, and

DOES 1 through 50, inclusive ("Defendants").  Plaintiff hereby alleges, on information and belief, except as to those allegations that pertain to the named Plaintiff, which allegations are based on personal knowledge, as follows:

## INTRODUCTION

1.      Plaintiff brings this class action against Defendants, Western Window Systems, LLC, a Missouri Limited Liability Company and WWS Acquisition, LLC dba Western Window Systems, a Missouri Limited Liability Company (hereinafter collectively referred to as "Western") on behalf of all persons who purchased sliding and folding glass doors and windows manufactured by Western within four years prior to the filing of this Complaint.

2.      At all times relevant herein, Western has manufactured and sold sliding and folding glass doors and windows to homeowners, through its distributors, that were defectively designed and manufactured allowing water to enter through the frames and joints of the windows and sliding glass doors.  As a result of this defect, water has entered the building envelope of the Plaintiff's home and has caused resultant damage to other building components such as drywall, plaster and other finishes.

## THE PARTIES

3.      Plaintiff, Eric Portelli, is the owner of the residence located at 325 Seal Beach Boulevard, Seal Beach, California 90740 (hereinafter "Portelli Residence").  On or about May 2, 2016, Plaintiff purchased sliding and folding glass doors and windows from Western through one of its authorized distributors, Associated Building Supply in Oxnard, California.  A copy of Western's Customer Quote No. 108965, which identifies each type of window and sliding glass door ordered by the Plaintiff, is attached hereto as Exhibit "A."

4.      Defendant, Western Window Systems, LLC, is a Missouri Limited Liability Company, doing business as Western Window Systems and transacting and doing business in the State of California and elsewhere.  Western Window

1    Systems, LLC's corporate office is located at 2200 E. Riverview Drive, Phoenix,

2    Arizona.

3        5.    Defendant, WWS Acquisition, LLC, is a Missouri Limited Liability

4    Company, doing business as Western Window Systems and transacting and doing

5    business in the State of California and elsewhere.  WWS Acquisition, LLC's

6    corporate office is located at 2200 E. Riverview Drive, Phoenix, Arizona.

7                        **<u>JURISDICTION AND VENUE</u>**

8        6.    This Court has subject matter jurisdiction over this action under the

9    Class Action Fairness Act of 2005, 28 U.S.C. §1332(d)(2) ("CAFA"), in that the

10   matter is a class action wherein the amount in controversy exceeds the sum or value

11   of $5,000,000, exclusive of interest and costs, and members of the Class are citizens

12   of states different from the Defendants.

13       7.    This Court has personal jurisdiction over the parties in this action by

14   the fact that Defendants are companies that are authorized to conduct business in

15   California and they have intentionally availed themselves of the laws and markets of

16   California through the promotion, marketing, distribution and sale of their sliding

17   and folding glass doors and windows in California.  Plaintiff, Eric Portelli,

18   purchased his Western sliding and folding glass doors and windows from a Western

19   distributor located in Oxnard, California.

20       8.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b),

21   because a substantial part of the events or omissions giving rise to Plaintiff's claims

22   occurred in this District.  Venue is also proper under 18 U.S.C. §1965(a), because

23   Defendants transact a substantial amount of its business in this District.  Plaintiff is

24   filing concurrently herewith an affidavit stating facts showing that this action has

25   been commenced in a proper county pursuant to California *Civil Code* section

26   1780(c).

27   / / /

28   / / /

## FACTUAL ALLEGATIONS

9.     Western holds itself out both to the construction industry and the public at large as being providers of superior, quality, and durable products, including the windows that are the subject of this litigation.

10.     At all times relevant herein, Western was engaged in the marketing, sale, supply, and delivery of windows in the state of California.

11.     In its product brochures, Western claims that "Over the years, the reliability of Western Window Systems products has made us a recognized manufacturer of high-quality door systems and windows in North America. More importantly, it has allowed our customers to fulfill their highest design aspirations with the utmost confidence and satisfaction."

12.     Western also markets and advertises its doors and windows to consumers as follows:

"**Built and Tested to Last**

Because we build and test our door systems and windows to last, you can enjoy your Western Window Systems product for years to come. Manufactured in the U.S., each of our product families is tested for air, water, and structural performance and certified by the NFRC (National Fenestration Rating Council) and AAMA (American Architectural Manufacturers Association). For additional strength and durability, we use stainless steel hardware to keep your product on the path to a long life."

13.     In or about February 2016, Plaintiff began construction on the Portelli Residence.

14.     As part of the construction of the Portelli Residence, Plaintiff selected sliding and folding glass doors, and windows that were designed, manufactured, and distributed by Western. The sliding and folding glass doors and windows purchased by Plaintiff are covered (or clad) with painted aluminum.

15.     Plaintiff selected Western's windows due to Western's marketing. Western represented in its product brochure given to Plaintiff that "All our products are built in the U.S. using superior materials that promote longevity."

16.     Western advertised that its aluminum clad doors and windows purchased by Plaintiff were low maintenance. As proof that its doors and windows were maintenance-free, Western's product instructions provided no information on the need to perform any additional work, such as waterproofing of the doors or windows.

17.     Plaintiff, consistent with his choice of a low-maintenance home, desired maintenance-free doors and windows when he purchased the Series 600 and Series 670 doors and windows from Western.

18.     The Western sliding and folding glass doors and windows purchased by Plaintiff were defectively designed and manufactured by permitting water intrusion through corners and joints, inadequate weather stripping, and insufficient water drainage systems.

19.     Further, Western Sliding and folding glass doors and windows were defectively designed and manufactured with hardware which is not corrosion resistant.

20..     Glass doors and windows like those designed, manufactured and distributed by Western and sold to Plaintiff should not allow water intrusion into the building envelope.

21.     The water intrusion resulting from Western's sliding and folding glass doors and windows results in property damage other than to Western's product.

22.     The above-described defects are due to fundamental design, engineering, and manufacturing errors, which should have been within Western's expertise.

23.     Because Western's sliding and folding glass doors and windows permit water intrusion, they violate the building code and industry standards.

24.     Failure of Western's sliding and folding glass doors and windows begins upon installation and continues during repeated and prolonged exposure to weather and ordinary use.

25.     Western knew or should have known that its sliding and folding glass doors and windows as manufactured and designed allow water intrusion at the time the products left their control.

26.     Based upon customer complaints, Western knows that water intrusion can enter the building envelope of class members' homes, but instead routinely blames such damage on "improper installation" and routinely rejects warranty claims made by class members on this basis.

27.     Western failed to disclose to Plaintiff and other purchasers of the design and manufacturing defects in its sliding and folding glass doors and windows.

28.     The defects in the doors and windows manufactured and sold to Plaintiff and other purchasers render them unfit for their intended purpose.

29.     Throughout the relevant class period, Western was and is the manufacturer of doors and windows which were placed in the stream of commerce and sold in the State of California and across the country through wholesalers, distributors and retail outlets.

30.     Throughout the relevant class period, Western manufactured, sold and distributed sliding and folding glass doors and windows which were defective and or deficient.

31.     As a direct and proximate result of the defects in the design and manufacture of the sliding and folding glass doors and windows, Plaintiff's doors and windows have leaked and caused resultant damage to other building components of the Portelli Residence.

32.     Even though Western could identify all of its customers who had the defective sliding and folding glass doors and windows (through point-of-sale

1   information), Western has never publicized the defective nature of its doors and

2   windows or took affirmative steps to notify its customers that the doors and

3   windows are defective, allow water intrusion into the building envelope, and can

4   cause significant resultant damage to other building components.

5   **CLASS ACTION ALLEGATIONS**

6   33.   This action may properly be maintained as a class action pursuant to

7   Federal Rules of Civil Procedure Rule 23.  The Class is sufficiently numerous, since

8   it is estimated to include thousands of consumers, the joinder of whom in one action

9   is impracticable, and the disposition of whose claims in a class action will provide

10   substantial benefits to the parties and the Court.

11   34.   <u>Class Definition</u>: Without prejudice to later revisions, the Class which

12   Plaintiff seeks to represent is composed of:

13
14   > All purchasers of Western's Series 600 and Series 670 windows and Series 600 sliding glass doors within four years prior to the filing of the Complaint in this action.

15   35.   Excluded from the Class are governmental entities, Defendants, their

16   affiliates and subsidiaries, Defendants' current and former employees, officers,

17   directors, agents, representatives, their family members, and the members of this

18   Court and its staff.

19   36.   Throughout discovery in this litigation, Plaintiff may find it appropriate

20   and/or necessary to amend the definition of the Class.  Plaintiff reserves the right to

21   amend the Class definitions if discovery and further investigation reveal that the

22   Class should be expanded or otherwise modified.

23   37.   <u>Ascertainable Class</u>:  While Plaintiff does not know the exact number

24   and identity of all Class Members, Plaintiff is informed and believes that there are

25   thousands of Class Members.  The precise number of members can be ascertained

26   through discovery, which will include Defendants' sales, service and other business

27   records.

28   / / /

38.   <u>Common Questions of Law and Fact Predominate</u>:  There is a well-defined community of interest among the Class.  The questions of law and fact common to the Class predominate over questions that may affect individual Class Members.  These questions of law and fact include, but are not limited to, the following:

(a)   Whether sliding and folding glass doors and windows manufactured by Western are defectively designed and manufactured to allow water intrusion through the frames and joints;

(b)   Whether Western designed, manufactured, distributed and sold sliding and folding glass doors and windows that were defective, and as a result of said defect, the windows and doors allow water intrusion into the building envelope;

(c)   Whether Western Window Systems should be declared financially responsible for notifying all class members of the defective nature of Western's sliding and folding glass doors and windows and to pay the full costs and expenses of repair and replacement of all such windows and doors;

(d)   Whether Western intentionally, recklessly or negligently advertised and misrepresented the quality of its sliding and folding glass doors and windows in an effort to reach the plaintiff class, directly or indirectly, and persuade them to purchase or install its windows and doors;

(e)   Whether Western knew or became aware that its sliding and folding glass doors and windows were defective and would allow water intrusion into the building envelope, yet continued to manufacture, distribute, advertise and market the windows and doors without correcting the defects and while directly or indirectly concealing the defects from the public and plaintiff class;

(f)   Whether Western, through advertising and written warranties, directly or indirectly fostered Plaintiffs' expectations that the products were not defective, were built to last and stood up to years of use;

(g)   Whether Western committed consumer fraud and deceptive business practices in violation of the California Unfair Competition Law;

(i)   Whether Western committed consumer fraud and deceptive business practices in violation of the California False Advertising Law; and

(j)   Whether Western committed consumer fraud and deceptive business practices in violation of the California Consumer Legal Remedies Act.

39.    <u>Numerosity</u>:  The Class is so numerous that the individual joinder of all members of the Class is impractical under the circumstances of this case.  While the exact number of members of the Class is unknown to Plaintiff at this time, Plaintiff is informed and believes the Class consists of thousands of persons.  Individual joinder of Members of the Class is also impracticable because the individual Members are dispersed throughout California, Arizona and elsewhere.

40.    <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the members of the proposed class.  Plaintiff and all Class Members have been injured by the same wrongful practices of Defendants.  The defects in Defendants' sliding and folding glass doors and windows are the same uniform defect in all class members' sliding and folding glass doors and windows.  Plaintiff's claims arise from the same practices and conduct that give rise to the claims of all Class Members and are based on the same legal theories.

41.    <u>Adequacy</u>:  Plaintiff will fairly and adequately represent and protect the interests of the Class in that he has no disabling conflicts of interest that would be antagonistic to those of the other members of the Class.  Plaintiff seeks no relief that is antagonistic or adverse to the members of the Class and the infringement of the rights and the damages they have suffered are typical of all other Class Members. Plaintiff has retained attorneys experienced in consumer class actions and complex litigation as counsel.

42.    <u>Superiority</u>:  The disposition of Plaintiff's and the proposed Class Members' claims in a class action will provide substantial benefits to both the parties and the Court.  The nature of this action and the nature of laws available to Plaintiff and the Class make the use of the class action device a particularly efficient and appropriate procedure to afford relief to Plaintiff and the Class for the wrongs alleged because:

/ / /

/ / /

a.   The individual amounts of damages involved, while not insubstantial, are such that individual actions or other individual remedies are impracticable and litigating individual actions would be too costly;

b.   If each Class Member was required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual Class Member with vastly superior financial and legal resources;

c.   The costs of individual suits could unreasonably consume the amounts that would be recovered;

d.   Given the size of individual proposed Class Members' claims and the expense of litigating those claims, few, if any, proposed Class Members could afford to or would seek legal redress individually for the wrongs Defendants committed against them and absent proposed Class Members have no substantial interest in individually controlling the prosecution of individual actions;

e.   This action will promote an orderly and expeditious administration and adjudication of the proposed class claims, economies of time, effort and resources will be fostered and uniformity of decisions will be insured;

f.   Without a class action, proposed Class Members will continue to suffer damages, and Defendants' violations of law will proceed without remedy while Defendants continue to reap and retain the substantial proceeds of their wrongful conduct;

g.   Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action;

h.  Proof of a common business practice or factual pattern which Plaintiff experienced is representative of that experienced by the Class and will establish the right of each member of the Class to recover on the causes of action alleged; and

i.  Individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

43.  Plaintiff and Class Members have all similarly suffered irreparable harm and damages as a result of Defendants' unlawful and wrongful conduct.  This action will provide substantial benefits to Plaintiffs the Class and the public because, absent this action, Plaintiff and Class Members will continue to suffer losses, thereby allowing Defendants' violations of law to proceed without remedy and allowing Defendant to retain proceeds of its ill-gotten gains.

## FIRST CAUSE OF ACTION

### Breach of Implied Warranty

### (By Plaintiff and All Class Members)

44.  Plaintiff and the Class Members incorporate by reference each and every preceding paragraph of this Complaint as if fully set forth herein.

45.  By placing the sliding and folding glass doors and windows in the stream of commerce, Defendants impliedly warranted that their products were merchantable, fit for their intended purpose and suitable for residential use.

46.  The sliding and folding glass doors and windows are not merchantable. In breach of the implied warranty of merchantability, the sliding and folding glass doors and windows are defective because they allow water intrusion through the frames and joints into the building envelope, do not have corrosion resistant hardware and are not suitable for general residential use.

47.  The sliding and folding glass doors and windows were defective when they left Defendants' control and entered the market.

/ / /

ROBERTSON
& ASSOCIATES, LLP

AMR2398.1

11

48.    The defects in the sliding and folding glass doors and windows were not open and/or obvious to consumers.

49.    Any purported disclaimer or limitation of the duration and scope of the implied warranty of merchantability given by Defendants is ineffective, not conspicuous, unreasonable, unconscionable and void, because Defendants knew or recklessly disregarded that the defect in the sliding and folding glass doors and windows existed and might not be discovered, if at all, until the doors and windows had been used for a period of time, and Defendants willfully withheld information about the defects from purchasers of the doors and windows.

50.    Defendants received notice that the sliding and folding glass doors and windows were not merchantable when Plaintiff contacted Defendants' agent to notify it of the water intrusion through the doors and windows in November of 2016, February of 2017 and May of 2017.

51.    On each occasion, Defendants inspected the doors and windows but refused to make proper repairs or replacement of the doors and windows to prevent any further water intrusion.  On or about May 4, 2017, Scott Thurber, Vice President of Western's distributor, Associated Building Supply, Inc., sent Plaintiff a letter denying that Western had any liability for his leaking windows and doors and instead blamed "improper field fabrication and/or installation – not any product defect."  Plaintiff has retained a fenestration expert to investigate the cause of the leaking windows and doors, who had concluded that the leaks are the result of defective design and manufacture by Western.

52.    As a result, Plaintiff and all proposed Class Members have been damaged in, *inter alia,* the amount they paid to purchase the defective windows and doors and the cost to remove and replace Defendants' defective products.

/ / /

/ / /

/ / /

## SECOND CAUSE OF ACTION

### Violation of The Song-Beverly Consumer Warranty Act

### (By Plaintiff and All Class Members)

53.    Plaintiff and the Class Members incorporate by reference each and every preceding paragraph of this Complaint as if fully set forth herein.

54.    Defendants are the warrantors of their sliding and folding glass doors and windows.

55.    Under the Song-Beverly Consumer Warranty Act, the sliding and folding glass doors and windows are a "consumer good" leased primarily for family or household purposes and Plaintiff has used the sliding and folding glass doors and windows primarily for those purposes.

56.    Plaintiff is a "buyer" of consumer goods under the Song-Beverly Consumer Warranty Act.

57.    The foregoing defects and nonconformities to warranty manifested themselves within the applicable warranty period.  The nonconformities substantially impair the use, value and/or safety of the sliding and folding glass doors and windows.

58.    Plaintiff demanded correction of the nonconformities.

59.    Defendants refused to correct the nonconformities.

60.    By failure of Defendants to remedy the defects as alleged above, or to issue a refund or replacement, Defendants are in breach of its obligations under the Song-Beverly Consumer Warranty Act.

61.    Plaintiff is entitled to justifiably revoke acceptance of the sliding and folding glass doors and windows under the Song-Beverly Consumer Warranty Act.

62.    Under the Song-Beverly Consumer Warranty Act, Plaintiff is entitled to reimbursement of all payments made towards the sliding and folding glass doors and windows (less the amount directly attributable to Plaintiff's use of the sliding and folding glass doors and windows prior to discovery of the nonconformities)

63. Plaintiff is entitled to damages resulting from Defendants' failure to comply with its obligations under the Song-Beverly Consumer Warranty Act.

64. Plaintiff is entitled under the Song-Beverly Consumer Warranty Act to recover as part of the judgment a sum equal to the aggregate amount of costs and litigation-related expenses, including attorneys' fees, reasonably incurred in connection with the commencement and prosecution of this action.

65. Plaintiff is entitled, in addition to the other amounts recovered, to a civil penalty of up to two times the amount of actual damages because Defendants willfully failed to comply with its responsibilities under the Song-Beverly Consumer Warranty Act.

## THIRD CAUSE OF ACTION

### Violation of The Magnuson-Moss Warranty Act

### 15 U.S.C. §§ 2301, *et seq.*

### (By Plaintiff and All Class Members)

66. Plaintiff and the Class members incorporate by reference each and every preceding paragraph of this Complaint as if fully set forth herein.

67. Plaintiff brings this claim on behalf of himself and all Class members.

68. Plaintiff and the other members of the Class are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

69. Western is a "supplier" and "warrantor" within the meaning of 15 U.S.C. § 2301(4)-(5).

70. Western's sliding and folding glass doors and windows were purchased separate and apart from the initial construction of the homes of Plaintiff and the members of the Class into which they were installed and constitute a "consumer product" within the meaning of 15 U.S.C. § 2301(1).

/ / /

/ / /

/ / /

71.    Pursuant to section 2308(a) of the Magnuson-Moss Warranty Act, "No supplier may disclaim or modify … any implied warranty to a consumer with respect to such consumer product if (1) such supplier makes any written warranty to the consumer with respect to such consumer product, …"

72.    Furthermore, section 2308(c) provides that "A disclaimer, modification, or limitation made in violation of this section shall be ineffective for purposes of this chapter and State law."

73.    Western's express warranties and written affirmations of fact regarding the reliability and level of performance referred to in paragraph 12 constitutes a written warranty within the meaning of 15 U.S.C. § 2301(6)(A).

74.    Western breached its warranties (express and implied) by manufacturing, selling, and/or distributing sliding and folding glass doors and windows that are not "reliable" and which fail to meet the level of performance in that they allow water intrusion through the frames and joints of the doors and windows, and use hardware which corrodes.

75.    Western breached its warranties to Plaintiff and the members of the Class because these written affirmations of fact or written promises made in connection with the sale of the sliding and folding glass doors and windows relate to the nature of the material and affirms or promises that such material will meet a specified level of performance over a specified period of time and in fact fail to do so.  15 U.S.C. § 2301(6)(A).

76.    Western's breach deprived Plaintiff and the members of the Class of the benefit of their bargain.

77.    The amount in controversy of Plaintiff's individual claims exceeds the value of $25.  In addition, the amount in controversy exceeds the value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in this action.

/ / /

78.    Defendants have been notified of their breaches of written warranties and have failed to adequately cure those breaches.  Defendants have had adequate and reasonable opportunity to cure their breaches of or fulfill their warranty obligations, but have failed to do so.

79.    In November of 2016, February of 2017 and May of 2017, Plaintiff provided written and verbal notice of the defects (i.e., leaks through the frames and joints of the doors and windows) to Defendants' agent.  Defendants made superficial repairs such as caulking but refused to repair or replace the defective doors and windows.  The Western doors and windows purchased by Plaintiff continue to leak.  Western refuses to do anything further to remedy these breaches.

80.    Pursuant to the provisions of 15 U.S.C. § 2310(e), in the case of a class action, Plaintiff will provide Defendants with notice and a further reasonable opportunity to cure, once the representative capacity of the named Plaintiff has been established in the application of Rule 23 of the Federal Rules of Civil Procedure.

81.    As a direct and proximate result of Defendants' breaches of their written warranties, Plaintiff and the other members of the Class sustained damages in amounts to be determined at trial.

## FOURTH CAUSE OF ACTION

### Violations of California's Unfair Competition Law

### Cal. Bus. & Prof. Code §17200, *et seq.*

### (By Plaintiff and All California Class Members)

82.    Plaintiff and the California Class members incorporate by reference each and every preceding paragraph of this Complaint as if fully set forth herein.

83.    The acts, omissions, and practices of Defendants as alleged herein constituted, and continue to constitute, unlawful and unfair business acts and practices within the meaning of Section 17200, *et seq*. of the California *Business & Professions Code*.  Plaintiff has standing to bring this action under *Business &*

*Professions Code* § 17200, *et seq*. because he has suffered injury in fact and has lost money because of the Defendants' conduct.

84.    Defendants have engaged in "unlawful" business acts and practices by its violation of the statutes and regulations, referenced above, including, but not limited to: California *Business & Professions Code* section 17200, *et seq*.; California *Business & Professions Code* section 17500, *et seq*.; California *Civil Code* section 1750, *et seq*.; and California common law that prohibits fraudulent concealment and breaches of implied warranty.

85.    Defendants have also engaged in "unfair" business acts or practices in that the harm caused by Defendants' misrepresentations about the reliability and level of performance alleged in paragraph 12 above of the sliding and folding glass doors and windows outweighs the utility of such conduct and the conduct offends public policy, is immoral, unscrupulous, unethical, deceitful and offensive, causes substantial injury to Plaintiff and the Class, and provides Defendants with an unfair competitive advantage over those companies that abide by the law.

86.    Western's actions described herein constitute fraud within the meaning of California *Business and Professions Code* section 17200, *et seq*. in that Defendants have failed to disclose that their sliding and folding glass doors and windows are defective, because they are not fit for their intended purpose, will allow water intrusion through the frames and joints of the doors and windows and fail prematurely.  Defendants' failure to disclose the true facts concerning the reliability and level of performance (i.e., testing for water) of their sliding and folding glass doors and windows was likely to mislead Plaintiff and the Class into believing that the Western's sliding and folding glass doors and windows had a higher reliability and level of performance than they actually did.  Plaintiff's sliding and folding glass doors and windows have failed, leaked and caused damage to other building components after being put to their intended use for residential doors and windows.

/ / /

87.     As a result of the conduct described above, Defendants have been and will be unjustly enriched at the expense of Plaintiff and the Class.

88.     The aforementioned unlawful or unfair business acts or practices conducted by Defendants have been committed in the past and continue to this day. Defendants have failed to acknowledge the wrongful nature of their actions. Defendants have not corrected or publicly issued individual and comprehensive corrective notices to Plaintiff and the Class or provided full restitution and disgorgement of all ill-gotten monies either acquired or retained by Defendants as a result thereof, thereby depriving Plaintiff and the Class of sliding and folding glass doors and windows that have the reliability and level of performance qualities advertised by Defendants.

89.     Pursuant to the *Business & Professions Code* section 17203, Plaintiff and the Class seek an order of this Court requiring Defendants to disgorge all ill-gotten gains and awarding Plaintiff and the Class full restitution of all monies wrongfully acquired by Defendants by means of such "unlawful" and "unfair" conduct, plus interest and attorneys' fees pursuant to, inter alia, California *Code of Civil Procedure* section 1021.5, so as to restore any and all monies to Plaintiff and the Class and the general public, which were acquired and obtained by means of such "unlawful" and "unfair" conduct, and which ill-gotten gains are still retained by Defendants.  Plaintiff and the Class additionally request that such funds be impounded by the Court or that an asset freeze or constructive trust be imposed upon such monies by Defendants.  Plaintiff and the Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

/ / /

/ / /

/ / /

/ / /

/ / /

## FIFTH CAUSE OF ACTION

### Violations of the False Advertising Law

### Cal. Bus. & Prof. Code § 17500, *et seq.*

### (By Plaintiff and All California Class Members)

90.     Plaintiff and the California Class members incorporate by reference each and every preceding paragraph of this Complaint as if fully set forth herein.

91.     California *Business & Professions* Code section 17500 prohibits various deceptive practices in connection with the dissemination in any manner of representations that are likely to deceive members of the public to purchase products such as sliding and folding glass doors and windows.

92.     Defendants caused advertisements for sliding and folding glass doors and windows to be placed in their sales literature and on their website before the general public and knew or should have known that their sliding and folding glass doors and windows did not conform to the advertisements' representations regarding the reliability and level of performance as alleged at paragraph 12 above of the products.

93.     As a result of the foregoing, Plaintiff, and other Class members, and consumers are entitled to injunctive and equitable relief and damages in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

### Violation of Consumer Legal Remedies Act

### Cal. Civ. Code § 1750, *et seq.*

### (By Plaintiff and All California Class Members)

94.     Plaintiff and the California Class members incorporate by reference each and every preceding paragraph of this Complaint as if fully set forth herein.

95.     This cause of action arises under the Consumers Legal Remedies Act ("CLRA"), California *Civil Code* § 1750, *et seq.*  Plaintiff is a consumer as defined by California *Civil Code* section 1761(d).  Defendants' sliding and folding glass

doors and windows constitute "goods" as defined by California *Civil Code* section 1761(a). At all times relevant hereto, Defendants constituted "persons" as that term is defined in California *Civil Code* section 1761(a), and Plaintiff's and Class members' purchases of sliding and folding glass doors and windows constituted "transactions," as that term is defined in California *Civil Code* section 1761(b).

96.    Defendants violated and continue to violate the CLRA by engaging in the following deceptive practices specifically proscribed by California *Civil Code* section 1770(a), in transactions with Plaintiff and Class members that were intended to result or which resulted in the sale or lease of goods or services to consumers:

      a.    In violation of California *Civil Code* section 1770(a)(5), Defendants' acts and practices constitute misrepresentations that the sliding and folding glass doors and windows in question have characteristics, benefits or uses which they do not have;

      b.    In violation of California *Civil Code* section § 1770(a)(7), Defendants have misrepresented that the sliding and folding glass doors and windows in question are of a particular standard, quality and/or grade, when they are of another; and

      c.    In violation of California *Civil Code* section 1770(a)(9), Defendants have advertised the sliding and folding glass doors and windows in question with the intent not to sell them as advertised or represented.

97.    Defendants have made uniform representations that their sliding and folding glass doors and windows were/are reliable and meet a certain level of performance as alleged in paragraph 12 above. These representations, as set forth above, were false, deceptive, and/or misleading and in violation of the CLRA.

98.    Pursuant to California *Civil Code* section 1782, Plaintiff notified Defendants in writing by certified mail on October 11, 2017 of the particular violations of California *Civil Code* section 1770 alleged herein, and have demanded

1  that Defendants rectify the problems associated with the actions detailed above and

2  give notice to all affected consumers of their intent to so act.  Plaintiff sent this

3  notice by certified mail, return receipt requested, to Defendants' principal place of

4  business and to their registered agents.

5       99.    Defendants have not yet responded to Plaintiff's notice above.

6       100.   If Defendants fail to rectify or agree to rectify the problems associated

7  with the actions detailed above and give notice to all affected consumers within 30

8  days after receipt of the California *Civil Code* section 1782 notice, Plaintiff will seek

9  actual damages and punitive damages for violation of the Act.  In addition, pursuant

10 to California *Civil Code* section 1780(a)(2), Plaintiff will be entitled to, and

11 therefore seek, a Court order enjoining the above-described wrongful acts and

12 practices that violate California *Civil Code* section 1770.

13      101.   Plaintiff and the California Class will also be entitled to recover

14 attorneys' fees, costs, expenses and disbursements pursuant to California *Civil Code*

15 sections 1780 and 1781.

16                          **<u>PRAYER FOR RELIEF</u>**

17      WHEREFORE, Plaintiff, on behalf of himself and all other individuals

18 similarly situated, requests the following relief:

19          A.    An order certifying this action as a class action under Federal Rule

20                of Civil Procedure Rule 23, defining the Class as requested herein,

21                appointing the undersigned as Class counsel, and finding that

22                Plaintiff is a proper representative of the respective Class;

23          B.    Injunctive relief requiring Defendants to inform Plaintiff and

24                members of the Class that:

25                • Plaintiff and Class members are entitled to restitution, including

26                  their purchase price for the defective windows and doors, and the

27                  cost to remove and replace them;

28 / / /

- Plaintiff and Class members may be entitled to other relief as awarded by this Court, including additional relief under the consumer protection and deceptive trade practices acts of the respective jurisdictions for each Class;

C.    Restitution of all monies that Defendants have received from Plaintiff and the Class, pursuant to the consumer protection and deceptive trade practices acts of the respective jurisdictions for each Class;

D.    Damages to be determined at trial including actual, compensatory, and consequential damages incurred by Plaintiff and Class Members;

E.    An award of reasonable attorneys' fees and costs; and

F.    That the Court award such other and further relief as this Court may deem appropriate.

DATED: November 21, 2017    ROBERTSON & ASSOCIATES, LLP


By:    _/ s / Alexander Robertson_
ALEXANDER ROBERTSON, IV
MARK J. UYENO
Attorneys for Plaintiffs and the Proposed Class

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2     Plaintiff, on behalf of himself and all others similarly situated, hereby

3  requests a jury trial on the claims so triable.

4  DATED: November 21, 2017      ROBERTSON & ASSOCIATES, LLP

5

6                         By: _____*/ s / Alexander Robertson*_____

7                              ALEXANDER ROBERTSON, IV
                              MARK J. UYENO
8                              Attorneys for Plaintiffs and the Proposed Class

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28